MR. JUSTICE HODGES
delivered the opinion of the Court.
Dale A. Spiegel, the attorney-respondent, is hereby disbarred and his license to practice law in the state of Colorado is revoked. His name is stricken from the roll of attorneys in Colorado and he is ordered forthwith to surrender his license to practice law in the state of Colorado to the clerk of this court.
In a formal complaint filed by the attorney general, the respondent was charged with two counts of misconduct as an attorney. After a hearing before our grievance committee, at which the respondent was represented by counsel and testified in his own behalf, the grievance committee submitted a report containing findings that both charges against him had been clearly and convincingly established by the evidence presented at the *162 hearing. Premised on these findings, the grievance committee concluded that this attorney-respondent had violated in several respects the Code of Professional Responsibility. We approve and adopt the findings and conclusions of our grievance committee and we rule that disbarment is the appropriate disciplinary action in this matter.
It must also be noted that this attorney-respondent has been the subject of a private reprimand administered by this court in February 1975 in connection with other charges of misconduct, and later, he received from this court, a public censure which is reported in People v. Spiegel, 190 Colo. 169, 544 P.2d 401 (1976).
This attorney-respondent was admitted to practice law in the state of Colorado on January 7, 1967 and maintained his law office in Boulder, Colorado.
With reference to the first count of the formal complaint, the grievance committee found that the evidence at the hearing established the following facts. On November 19, 1974, the attorney-respondent and a female companion were in an automobile owned by her when it was stopped by a police officer for exceeding the speed limit. The attorney-respondent exited from the driver’s seat and went to the vehicle of the police officer where he was asked to present his driver’s license. The police officer commenced to issue a traffic citation at which time the attorney-respondent suggested that his female companion had been the driver. The attorney-respondent then went to the vehicle and spoke to his female companion who then advised the police officer that she had, in fact, been the driver. The police officer was of the belief that the woman was intoxicated and that the attorney-respondent may have also been under the influence of alcohol.
The police officer arrested the woman who was permitted to consult with the attorney-respondent. Apparently on the advice of the attorney-respondent, she refused to cooperate with the police officers or take any tests. She was then incarcerated and was charged with driving while under the influence of intoxicating liquor.
Thereafter, the attorney-respondent continued to represent the woman on this charge before the Jefferson County Court. A not guilty plea was entered and the attorney-respondent then filed a motion to dismiss the charge. The basis of the motion was that there was no chémical test taken to prove the alcohol content of her blood at the time of her arrest and that there was no evidence that she was the driver of the motor vehicle. A hearing was held on this motion before the Jefferson County Court. During the course of the police officer’s testimony, he expressed the view that it was the attorney-respondent who was, in fact, driving the vehicle in question. The police officer stated that he charged the woman with driving while under the influence of. intoxicating liquor because the attorney-respondent stated that she had been the driver and that this had *163 been confirmed by her statement to him at the time. The woman also had indicated to police officers after her arrest that the attorney-respondent was, in fact, the driver.
Subsequently, the drunk driving charges were dismissed against the woman, and the district attorney thereupon filed a grievance complaint against the attorney-respondent with our grievance committee.
As to the second count of the attorney general’s complaint, the facts as found by our grievance committee reveal the following situation. The attorney-respondent received an expensive gold watch from a client charged with a serious criminal offense. The watch was to be used as collateral for a bond to secure the client’s release from jail pending trial. It was not so used nor was it ever returned to the client.
In his response to the attorney general’s complaint, the attorney-respondent denied he received an expensive watch from his client. Also, during the investigation of this matter, the attorney-respondent told the investigator that “there was no watch.” However, at the hearing, the attorney-respondent testified that the watch was received by him as part of his legal fee and was not to be used in obtaining bond. An exhibit in evidence at the hearing showed that in billing this client no credit was indicated to substantiate that the watch, said to be worth about $2,000, was to constitute part payment of attorney fees. The client terminated the services of the attorney-respondent prior to trial.
The foregoing facts and circumstances fully justify the following conclusions reached by our grievance committee as set forth in its report to this court.
The respondent is guilty of misconduct as defined in DR1-102(A)(4) in that he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, and engaged in conduct that was prejudicial to the administration of justice in connection with the allegations of count 1.
The respondent violated DR5-101(B) in accepting employment in pending litigation when he knew or it was obvious that he would be a witness.
The respondent engaged in conduct that violates the most fundamental standards of honesty as well as the accepted standards of legal ethics.
The respondent also violated the Code of Professional Responsibility as follows: (a) he engaged in conduct that adversely reflects on his fitness to practice law DR1-102(A)(6); (b) he failed to maintain a complete record of all funds, securities and other properties of his client coming into his possession and failed to render appropriate accounts to his client regarding the same DR9-102(B)(3); (c) the respondent also failed to promptly deliver to the client as requested by the client, the securities or the properties in his possession which the client was entitled to receive DR9-102(B) (4).
*164 We agree with all of the conclusions reached by our grievance committee and adopt the same.
Reports and complaints have been received indicating that after the report of our grievance committee was served upon the attorney-respondent, he departed from the state of Colorado. His attorney has reported that he believes the attorney-respondent is in California but his exact whereabouts are unknown. It is indicated that this attorney-respondent has abandoned current clients whose interests may be jeopardized thereby. Such irresponsible conduct is reprehensible. This court has initiated action to identify such clients in order that their interests may be protected in any pending court matter.
Accordingly, it is our judgment that the attorney-respondent be now disbarred from the practice of the law in the state of Colorado. Costs in the amount of $469.99 are hereby assessed against Dale A. Spiegel, the attorney-respondent, and he shall have thirty (30) days to pay these costs at the office of the clerk of the Supreme Court.